**Tom MEYER; Charles Spingola,
Plaintiffs–Appellants,**

v.

**Mark MATHEWS, et al., Defendants–
Appellees.**

**Nos. 02–3473, 02–3701.**

United States Court of Appeals,
Sixth Circuit.

Dec. 16, 2003.

Thomas W. Condit, Milford, OH, for
Plaintiffs–Appellants.

Gerald A. Mollica, Larry D. Wines, Mollica, Gall, Sloan & Sillery, Athens, OH, for
Defendants–Appellees.

Before RYAN, MOORE, and ROGERS,
Circuit Judges.

RYAN, Circuit Judge.

Tom Meyer and Charles Spingola appeal
from the district court's order granting the
defendants' motion for summary judgment
and dismissing the plaintiffs' claims filed
under 42 U.S.C. § 1983. We **AFFIRM**
the district court's judgment.

**I.**

The parties are thoroughly familiar with
the facts, and they need not be recounted
here. It suffices to say that the plaintiffs
are persons unaffiliated with Ohio University (OU) and were arrested for criminal
trespass after they refused to leave campus grounds when OU police officers informed them that they were engaged in
speech activities in violation of OU Policy
24.016. The policy states, in pertinent
part:

> It is the policy of Ohio University to
> designate the West Portico of Memorial
> Auditorium (bounded by the two closest
> diagonal walkways) as the location on
> campus where any person or group unaffiliated with Ohio University may
> speak or distribute information.

Spingola was convicted and sentenced in
state court. He appealed to the Ohio
Court of Appeals, where he challenged his
conviction and the policy on several First
and Fourteenth Amendment grounds. After the Ohio Court of Appeals considered
and rejected each of his claims, Spingola
and Meyer filed this action, alleging that
the defendants, acting pursuant to OU's
policy, violated the plaintiffs' First,
Fourth, and Fourteenth Amendment
rights. The district court granted summary judgment in favor of the defendants
on each of the plaintiffs' claims.

**II.**

This court reviews a district court's decision to grant summary judgment *de novo*.
*Policastro v. Northwest Airlines, Inc.*, 297
F.3d 535, 538 (6th Cir.2002). Summary
judgment is appropriate when, viewing the
evidence in the light most favorable to the
nonmoving party, "there is no genuine issue as to any material fact and ... the
moving party is entitled to a judgment as a
matter of law." Fed.R.Civ.P. 56(c); *Policastro*, 297 F.3d at 538. In reviewing the
district court's grant of summary judgment, we draw all justifiable inferences in
the light most favorable to the nonmoving
party. *Matsushita Elec. Indus. Co. v. Ze-*

*nith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III.

After carefully examining the parties' arguments, the record, the district court's reasoning, and the law, we are satisfied that the district court properly granted summary judgment with respect to each of the plaintiffs' claims. We therefore affirm the judgment of the district court for the reasons detailed by the court in its opinion, which, with one exception, we adopt as our own.

The district court incorrectly stated that the policy "states that the *only* location on campus that individuals unaffiliated with OU may speak ... is the West Portico...." (Emphasis added.) Although the policy does not explicitly state that the West Portico is the only location where an unaffiliated person can speak, the district court's mistake is harmless because a person of general intelligence can reasonably be expected to understand that, by negative implication, the policy prohibits unaffiliated persons from "speak[ing] or distribut[ing] information" on those portions of campus that have not been designated by the policy for those uses.

Accordingly, we **AFFIRM** the district court's judgment.

MOORE, Circuit Judge, concurring in the judgment.

I concur with the decision to affirm the judgment of the district court, but I do not fully adopt the lower court's reasoning.